**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Lauren Renner,<br><br>        Plaintiff,<br>   v.<br><br>City of Darien Police Department,<br><br>        Defendants. | Case No. 16 cv 3651<br><br>**JURY TRIAL DEMANDED** |

NOW COMES, Plaintiff, LAUREN RENNER,(hereinafter referred to as "Plaintiff"), by and through her undersigned counsel of record, and complains against Defendant, CITY OF DARIEN POLICE DEPARTMENT (hereinafter referred to as "Defendant"), states as follows:

**NATURE OF THE ACTION**

This is an action arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et. seq. to correct unlawful employment practices on the basis of sex (gender) and to provide appropriate relief to Plaintiff. Plaintiff alleges that Defendant has engaged in on ongoing pattern or practice of sex (gender) discrimination which includes the following discriminatory treatment: (1) disciplining female employees pursuant to rules that are not enforced the same way against male employees; (2) treating its female employees less favorably in terms of benefits and classification; (3) engaging in unwarranted and excessive monitoring of female employees when compared to male employees; and (4) maintaining a hostile work environment for its female employees based upon unequal treatment to its male employees.

1

**JURISDICTION AND VENUE**

1. Jurisdiction over the causes of action contained in this Complaint is conferred by 28 U.S. C. § 1331, as same arises under the laws of the United States.

2. Venue is proper in this judicial district under 28 U.S. C. § 1391, in that Defendant employed Plaintiff in this judicial district, Plaintiff resides in this judicial district, and all of the unlawful conduct alleged herein was committed and continues to occur within the boundaries of the Northern District of Illinois.

**ADMINISTRATIVE PROCEDURE**

3. Plaintiff, Lauren Renner, on January 4, 2016, obtained the following Notice of Right to Sue, from the Equal Employment Opportunity Commission, in reference to her claim set forth herein:  Notice of Right to Sue, Charge Number 440-2016-00307, Defendant, City of Darien Police Department.  (See Exhibit 1 attached hereto).

4.  Plaintiff has timely filed this lawsuit within ninety (90) days from the date of the January 4, 2016, Notice of Right to Sue.

**PARTIES**

5. At all relevant times pertinent hereto, Plaintiff is a female adult citizen of the United States of America and is a resident of Aurora, County of Will, State of Illinois.

6. Plaintiff was hired by Defendant on November 10, 2004, and at all relevant times herein was employed in the capacity of Patrol Officer.

7. Defendant is an employer as the term "employer" is defined within the meaning of Section 701(f) of Title VII, 42 USC § 2000(e)-(f).

8. Defendant is a city government organization located in the County of DuPage, State of Illinois, within the Northern District of Illinois.

9. At all times relevant to the matters complained of herein, Plaintiff worked as a Patrol Officer under the direct supervision of Sergeant Edward Rentka, now Lieutenant Rentka (sex, male) (hereinafter referred to a "Rentka"), Sergeant Liss and former Chief Ernest Brown. Plaintiff's current Chief is Greg Thomas.

**COMMON ALLEGATIONS**

10. From February 26, 2013, and continuing, Defendant treated Plaintiff differently than similarly situated male employees in terms, privileges, benefits, responsibilities and conditions of employment because of her sex (female).

11. Defendant, through Rentka and others, held Plaintiff to a higher performance standard than similarly situated male employees. For example, Plaintiff was subjected to supervisor ride alongs for alleged low production of traffic violations while similarly situated male officers with the same production results were not subjected to supervisor ride alongs. Additionally, this conduct occurred within days of Plaintiff complaining to Rentka and other superiors about the unequal treatment she was receiving due to her gender.

12. Defendant, through Rentka and others, would further discriminate against Plaintiff by criticizing and accusing her of violating work rules and writing her up for circumstances and actions while similarly situated male officers were not criticized or disciplined for the same conduct. For example, Plaintiff was

disciplined for using a personal electronic device during her break when Rentka

himself and other similarly situated male officers were never disciplined for such

conduct before despite the fact that it was common among all officers.

13. Defendant, through Rentka and others, disciplined Plaintiff more harshly and

monitored Plaintiff differently than similarly situated male employees. This

unequal treatment by Rentka, and others, was pervasive, offense, unreasonable

and occurred on a regular basis. Examples of this behavior include, but are not

limited to;

   a.   Similarly situated male officers were consistently allowed to congregate

        during working hours partaking in non work-related socialization, often in

        Rentka and other Sergeant's offices, without regard to time. Not only was

        Plaintiff not welcome to partake in similar conduct but was scolded on

        multiple occasions if merely a few minutes late from a break.

   b.   At times Plaintiff was monitored her during entire lunch breaks from

        Rentka's computer surveillance system while similarly situated male

        officers were not subjected to the same surveillance.

   c.   On numerous occasions Plaintiff's squad car camera would randomly

        activate during her shift. This often happened to Plaintiff and other female

        officers while not occurring with the squad car cameras of similarly

        situated male officers.

   d.   Rentka would deny Plaintiff the opportunity to conduct report writing

        within the station while similarly situated male officers were consistently

        allowed said opportunity. There were multiple occasions on which

Plaintiff was denied this privilege by Rentka while at the very moment of the denial male officers were conducting report writing in the station.

e. When attempting to return to work light duty following a work related injury, Plaintiff was forced to utilize all of her sick and vacation time prior to returning to light duty. At the same time, a similarly situated male officer was able to return to work light duty from a work related accident without utilizing any of his sick and vacation time.

f. While on light duty following another work related injury, Plaintiff was forced to seek medical treatment outside of her assigned work hours. This is true even despite the fact that Plaintiff was receiving medical treatment from the Defendant's occupational clinic. Other similarly situated male officers, working light duty following a work related injury, have been allowed to seek medical treatment during their assigned work hours.

g. When returning back to work light duty following a work related injury, Plaintiff was assigned to work at a desk directly outside of Lieutenant Rentka's office with a surveillance camera directly above her. Similarly situated male officers have never been subjected to this level of monitoring while working light duty following a work related injury.

14. Defendant, through Rentka and others, would further discriminate against Plaintiff by failing to provide her and other female officers with the same employment opportunities as similarly situated male officers. For example, Plaintiff, and other female officers, were excluded from e-mail communication from Rentka regarding the opportunity for training to become a Taser Instructor,

5

while providing said communication to similarly situated male officers. Plaintiff, and other female officers were excluded from communication regarding this employment opportunity even through said position was mandated to be an open position. When Plaintiff inquired about this exclusion, Rentka responded that "I didn't send the e-mail to everyone, only the ones that I thought could do the job".

15. Defendant, through Rentka and others, would further discriminate against Plaintiff by denying her similar employment benefits as similarly situated male officers. Examples of this conduct include, but are not limited to;

   a. If similarly situated male officers were unable to receive their requested time off, they were contacted Rentka inquiring about alternative preferences. Plaintiff was never given the same inquiry by Rentka and was scheduled without regard to preference.

   b. Despite customary selection based on seniority, Plaintiff was passed over for the opportunity to select lunch break times for less senior officers, while similarly situated male officers were provided with this benefit.

16. Defendant, through Sergeant Liss and others, would further discriminate against Plaintiff by failing and refusing to respond to request for assistance from Plaintiff while in the filed in circumstances involving risk to Plaintiff's physical well-being in violation of Defendant's own policies. For example, Sergeant Liss refused to respond, or send another male officer to respond to Plaintiff's request for assistance with the transfer of a male suspect in custody. This is true despite the fact that it was customary for officers of the same gender as the suspect to conduct the transfers, as Plaintiff had done on multiple occasions for the transfer

6

of female suspects in custody. Said requested assistance was not denied to similarly situated male officers.

17. Plaintiff complained on more than one occasion to Rentka, Sergeant Liss and other superior employees of the Defendant about the unequal treatment but the wrongful actions and consequently the gender discrimination and hostile environment continued.

18. Male officers were not subject to the same discrimination and hostile environment imposed on Plaintiff by Defendant.

**COUNT I**
**GENDER DISCIMINATION IN VIOLATION OF TITLE VII, CIVIL**
**RIGHTS ACT OF 1964, 42 U.S.C. § 2000(e), ET. SEQ.**

Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

19. All conditions precedent to Count I have been satisfied.

20. At all times relevant herein, Plaintiff was an employee of the Defendant.

21. Plaintiff is a Female, and therefore is a member of a protected class.

22. The actions of Defendant as perpetrated by their agents, as described and complained as above, are unlawful employment practices in that they are likely to have the effect of discriminating against, depriving and tend to deprive equal employment to, and otherwise causing a hostile work environment through gender discrimination, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 USC §2000(e), et. seq.

7

23. At all times relevant to the matters alleged in this compliant, Plaintiff performed the duties and responsibilities of her position in a satisfactory manner that met or exceeded Defendant's legitimate business expectations.

24. At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against Plaintiff based on her gender.

25. Defendant allowed its employees to discriminate against Plaintiff on the basis of her gender.

26. Plaintiff repeatedly reported gender discrimination to superiors and therefore Defendant had knowledge of the gender discrimination.

27. Despite knowledge of the gender discrimination and repeated reports and complaints by Plaintiff, Defendant refused to take any action to remediate, stop, prevent, or otherwise address the ongoing discrimination.

28. Defendant intentionally subjected Plaintiff to gender discrimination altered the conditions of her employment and knowingly failed and/or refused to protect Plaintiff from gender discrimination.

29. As a result of Defendant engaging in and condoning the sexual discrimination, and hostile work environment based upon Plaintiff's sex, Plaintiff suffered great mental anguish, humiliation, degradation, embarrassment, physical and emotional pain and suffering, inconvenience and other consequential damages.

**COUNT II - HOSTILE WORK ENVIRONMENT BASED ON GENDER DISCRIMINATION IN VIOLATION OF TITLE VII, CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000(E). ET. SEQ.**

Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

30. All conditions precedent to Count II have been satisfied.

31. The actions of Defendant as perpetrated by their agents, as described and complained as above, are unlawful employment practices in that they are likely to have the effect of discriminating against, depriving and tend to deprive equal employment to, and otherwise causing a hostile work environment through gender discrimination, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 USC §2000(e), et. seq.

32. At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against, retaliating against and permitting a hostile work environment for Plaintiff based upon her gender. Defendant further had a duty under Title VII to prevent the ongoing hostile work environment based upon Plaintiff's gender.

33. Plaintiff reported the gender discrimination, unequal treatment and pervasive hostile work environment on multiple occasions to supervisory employees of Defendant.

34. Despite knowledge of the severe and pervasive hostile work environment based upon gender discrimination, and repeated reports and complaints by Plaintiff, Defendant refused to take any action to remediate, stop, prevent or otherwise address the ongoing hostile work environment based upon gender discrimination.

35. Plaintiff was intentionally subjected to unequal and discriminatory treatment by creating a hostile work environment that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from those hostile conditions.

9

36. The hostile work environment to which Plaintiff was subjected was so severe and pervasive that it unreasonable interfered with her work performance.

37. The discriminating actions by Defendant, through its agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws and the rights and sensibilities of Plaintiff.

38. Defendant, by and through its agents and employees, engaged in the complained of acts and conduct when it knew or should have known that such conduct was in violation of Title VII and any alleged reasons to the contrary are pretextual.

39. There is a causal connection between the Plaintiff's gender and the dissimilar treatment suffered by Plaintiff by Defendant.

40. As a result of Defendant engaging in and condoning the sexual discrimination, and hostile work environment based upon Plaintiff's sex, Plaintiff suffered great mental anguish, humiliation, degradation, embarrassment, physical and emotional pain and suffering, inconvenience and other consequential damages.

**COUNT III - RETALIATION FOR EXERCISE OF RIGHTS UNDER TITLE VII, CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000(e), ET. SEQ. FOR REPORTING GENDER DISCRIMINATION AND ENGAGING IN A PROTECTED ACTIVITY OF FILING A CHARGE OF DISCRIMINATION**

Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

41. Plaintiff complained about, reported and protested against Defendant's unlawful employment practices under Title VII, as alleged herein.

42. Plaintiff complained of ongoing and repeated gender discrimination, hostile work environment and retaliation perpetrated against her by Defendant's agents and employees.

43. In retaliation of Plaintiff's complaints, reports and protests of unlawful gender discrimination and hostile work environment, the gender discrimination and hostile work environment increased against Plaintiff.

44. At all relevant times herein, Plaintiff was performing all of her job duties in a manner that met or exceeded Defendant's legitimate business expectations.

45. The discriminatory actions by Defendant, through its agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

46. Defendant, by and through its agents and employees, retaliated against Plaintiff when they knew or should have known that such actions were in violation of Title VII and any alleged reasons to the contrary are pretextual.

47. As a result of Defendant engaging in and condoning the sexual discrimination, and hostile work environment based upon Plaintiff's sex, Plaintiff suffered great mental anguish, humiliation, degradation, embarrassment, physical and emotional pain and suffering, inconvenience and other consequential damages.

WHEREFORE, Plaintiff prays that this Honorable Court:

A.  Enter a declaratory judgment, pursuant to 28 USC § 2202 that Defendant's improper conduct constituted unlawful discrimination and unlawful harassment against Plaintiff because of her sex (female), all in violation of Title VII;

B.  Issue a prohibitory injunction to enjoin Defendant from further acts of sexual harassment in discrimination against Plaintiff and other females similarly situated;

C.  Enter judgment in favor of Plaintiff and against the Defendant in the amount of lost wages and benefits due and, if appropriate, award Plaintiff front pay, together with prejudgment and post-judgment interest thereon;

D.  Enter judgment in favor of Plaintiff and against Defendant for all out incidental losses incurred by Plaintiff as a result of Defendant's unlawful conduct;

E.  Enter judgment in favor of Plaintiff and against Defendant for compensatory damages shown to be due;

F.  Enter a judgment in favor of Plaintiff and against Defendant for damages to compensate Plaintiff for her injuries and emotional distress;

G.  Award Plaintiff reasonable attorneys' fees and litigation costs and expenses, pursuant to Section 706(k) of Title VII, 42 USC § 2000(e)-5(k);

H.  Grant such other further relief as this Court deems equitable and just.

Dated: March 28, 2016                                    Respectfully Submitted,


                                                          _/s/ Donald J. Angelini, Jr.___
                                                         Donald J. Angelini, Jr.
                                                         Angelini & Ori, LLC
                                                         155 N. Michigan Avenue, Suite 400
                                                         Chicago, Illinois 60601
                                                         Ph: 312.621-0000
                                                         F: 312.621-0001
                                                         dangelini@angeliniorilaw.com

                                                         Counsel for Plaintiff, Lauren Renner


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions or fact raised by the Complaint.


Dated: March 28, 2016                                    Respectfully Submitted,


                                                          _/s/ Donald J. Angelini, Jr.___
                                                         Donald J. Angelini, Jr.
                                                         Angelini & Ori, LLC
                                                         155 N. Michigan Avenue, Suite 400
                                                         Chicago, Illinois 60601
                                                         Ph: 312.621-0000
                                                         F: 312.621-0001
                                                         dangelini@angeliniorilaw.com

                                                         Counsel for Plaintiff, Lauren Renner


13